**Sokol MLLOJA, Petitioner,**

v.

**John ASHCROFT, Attorney General; Immigration and Naturalization Service, Respondents.**

No. 02–4454.

United States Court of Appeals, Sixth Circuit.

Aug. 18, 2004.

Richard A. Kulics, Birmingham, MI, for Petitioner.

Alison R. Drucker, Michelle E. Gorden, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before BATCHELDER and DAUGHTREY, Circuit Judges; and DOWD, District Judge.*

*ORDER*

Sokol Mlloja petitions for judicial review of an order of the Board of Immigration Appeals ("BIA"), which affirmed an immigration judge's finding that he was subject to removal as an illegal alien. The parties have waived oral argument, and the panel unanimously agrees that it is not needed in this case. Fed. R.App. P. 34(a).

Mlloja is a native and citizen of Albania, who entered the United States without

---

* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

authorization in 1999. He later conceded removability and timely applied for asylum, the withholding of removal, and relief under the United Nations Convention Against Torture. Mlloja primarily alleged that he had been persecuted in Albania because he was a member of a democratic movement who protested against the former communist regime. An immigration judge ("IJ") denied his applications on February 2, 2001, because he had not demonstrated a well-founded fear of persecution. Our review is focused on the IJ's decision, as it was affirmed by the BIA without opinion on December 3, 2002. *See Denko v. INS*, 351 F.3d 717, 726 (6th Cir.2003).

Mlloja now argues that the BIA abused its discretion and violated his right to due process by affirming the IJ's decision without making a reasoned analysis of his claims. However, our court recently upheld the BIA's streamlined appeals process against both administrative law and due process challenges. *Denko*, 351 F.3d at 726–30 & n. 10. Thus, it is now clear that Mlloja's due process claims are unavailing.

Mlloja's current brief does not contain any clear challenge to the IJ's decision to deny his claim under the Convention Against Torture. Therefore, he has abandoned that claim for purposes of judicial review. *See United States v. Mick*, 263 F.3d 553, 567 (6th Cir.2001).

To obtain asylum, Mlloja must show that he is a refugee whose application merits a favorable exercise of administrative discretion. *See Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir.1998). A refugee is an alien who is unable or unwilling to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To qualify for the with-holding of removal, Mlloja must show a "clear probability of persecution." *INS v. Stevic*, 467 U.S. 407, 430, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Judicial review should not be granted unless the evidence would compel a reasonable adjudicator to find the requisite fear of persecution. *Koliada v. INS*, 259 F.3d 482, 486 (6th Cir. 2001).

The IJ found that Mlloja's allegations of past persecution were not fully credible. This factual finding must be upheld unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir.2004). Mlloja apparently concedes that there were inconsistencies in his written application and testimony regarding, *inter alia*, the date on which his house was allegedly destroyed, the amount of time that he was hospitalized, and whether he was asked to steal a ballot box or merely to change some votes. However, he argues that these inconsistencies arose from his confusion at the hearing, translation errors, and the IJ's aggressive questioning. The factual basis for these arguments is not readily apparent from an examination of the hearing transcript. Indeed, the record indicates that Mlloja answered the questions that were posed to him without significant confusion, that he sometimes answered in English, and that the IJ's intermittent questions were not impolite or inappropriate. Thus, Mlloja has not met his burden of showing that any reasonable adjudicator would be compelled to reach different conclusion than the IJ regarding his credibility. *See* 8 U.S.C. § 1252(b)(4)(B). In light of that finding, he has not presented compelling evidence to support his asylum claim. *See Yu*, 364 F.3d at 703–04.

The IJ found that Mlloja would not have a persuasive claim for relief even if his testimony were credible, because it appeared that he was able to live safely in

Tirana, Albania, before he came to the United States. Any presumption regarding a fear of future persecution was also rebutted by a State Department report, which indicated that conditions in Albania had improved since the last alleged incidents of persecution. *See Koliada,* 259 F.3d at 487–88. Mlloja's arguments to the contrary do not compel a different result.

The evidence in this case does not compel a finding that Mlloja is a refugee because it does not show that he has a well-founded fear of persecution. *See Yu,* 364 F.3d at 703–04; *Koliada,* 259 F.3d at 487–88. Therefore, Mlloja has not established eligibility for asylum, and he is necessarily unable to meet the more rigorous standard that is required for the withholding of removal. *See Koliada,* 259 F.3d at 489.

Accordingly, the petition for judicial review is denied.